LISMAN, Administrator, v. EARLY et als.

15   199
f 129 519

The admission of evidence, even after the party has had an opportunity to offer it, and has failed, is matter of discretion, and the Court ought generally, whenever the ends of justice require it, to admit the testimony.

Suit on a note. Defendants answered by pleading payment, and averring payment at divers times of money to plaintiffs intestate, which he promised to apply on the note. Plaintiff put the note in evidence and rested. Defendants offered receipts, to prove payment. To rebut this, plaintiff offered proof tending to show that these payments applied to an open account against defendants. Defendants then proposed to rebut, by showing that there was no such account made or existing. Court refused to permit it. *Held*, that the Court erred ; that the burden of proof was really on defendants to prove payment under the issue, and that they were entitled to close the proofs, at least to rebut new matter set up by plaintiff.

Appeal from the Eleventh District.

Suit on a note to plaintiff's intestate, and for sale of premises mortgaged to secure the same. The answer plead payment, and averred that the defendants had, during the life of the deceased, at divers times, paid him money which he promised to apply on the note, and prayed that the sums paid be allowed as an offset. Plaintiff had judgment. Defendants appeal.

*Tuttle & Hillyer*, for Appellants.

1. Defendants had a right to rebut, by showing there was no account between the parties, as plaintiff's proof was not to show that no payments had been received, but to show some other application than on the note. (Cowen & Hill's notes, pp. 715, 716, ch. 8 ; 1 Monell's Pr. 649, 650 ; *Cowan* v. *Connegg*, 5 Binn. 488 ; *Scott* v. *Woodward*, 2 McCord, 116 ; 20 Wend. 225 ; 4 Hill, 202.)

2. Under the pleadings, defendants had the affirmative of the issue, and were entitled to begin. ( *Coxhead* v. *Huish*, 7 Carr & P. 63 ; 1 Monell, 646, 647.)

Baldwin, J. delivered the opinion of the Court— Cope, J. and Field, C. J. concurring.

We think the Court erred in excluding the rebutting testimony of the defendants ; and we here remark, that as the admission of evidence, even after the party has had an opportunity to offer it, and has failed

,

is a matter of discretion, it is better for the Court, whenever the ends of justice require it, to suffer the testimony to go in. But in this case the plaintiff offered the note sued on in evidence, and rested. The defendant, not disputing the execution of the note, offered in evidence some receipts for the purpose of proving payment. To rebut this, the plaintiff offered proof tending to show that these payments applied to an open account against defendants. The defendants then proposed to show that there was no such account made or existing. We do not see how the defendants could anticipate this proof of the plaintiff in regard to the account, and to deny them an opportunity of rebutting it, might be equivalent to a denial of a right to prove their defense. The burden of the proof was really on the defendants to prove payment under the issue, and the defendants were entitled to close the proofs, at least to rebut any new matter set up by the plaintiff. (See 4 Hill, 204; Cowen's Treat. 992; Cowen & Hill's notes to Phil. Ev. 711, 718; and the cases cited in *Shepard* v. *Potter,* 4 Hill, *supra.*)

We see no substantial error in the instructions. Judgment reversed, and cause remanded for a new trial.